Charles L. Barnum, Wyoming Bar No. 6-3094
CHARLES L. BARNUM, P.C.
P.O. Box 6400
Rock Springs, WY  82902
307-382-7500
307-362-3309 fax
charles@barnumlawoffice.com

Rick L. Koehmstedt, Wyoming Bar No. 6-3101
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center, Suite 500
Casper, WY  82601
307-235-6681
307-234-5099 fax
rick@schwartzbon.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| PATRICK BOYER, as Wrongful Death, Representative for the Estate of Richard Lee Boyer, deceased,<br><br>                Plaintiff,<br><br>vs.<br><br>DEAN FRINK TRANSPORTATION, a Missouri limited liability company,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Patrick Boyer, by and through his undersigned attorneys, and for his

Complaint against Defendant, hereby states and alleges as follows:

## PARTIES TO THE ACTION

1.      Plaintiff Patrick Boyer resides in the State of Idaho. By Order of the District Court

in Uinta County, Wyoming dated September 2, 2020, Plaintiff was appointed as wrongful death

representative for the estate of Richard Lee Boyer, deceased.

2.      At all times material to this Complaint, Defendant Dean Frink Transportation ("DFT") was a Missouri limited liability company with its principal place of business in the state of Missouri. On information and belief, all members of Dean Frink Transportation, LLC are citizens of Missouri.

## JURISDICTION AND VENUE

3.      This is a civil action asserted by Plaintiff involving claims in an amount exceeding $75,000.00, excluding interest and costs.  The Plaintiff and Defendant in this action are citizens of different states.  This Court has jurisdiction pursuant to 28 U.S.C. §1332.

4.      The motor vehicle accident giving rise to the Plaintiff's claims against Defendant herein occurred in Uinta County, Wyoming.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## STATEMENT OF FACTS

5.      Plaintiff incorporates and restates the allegations set forth in Paragraphs 1 through 4 of this Complaint.

6.      At approximately 1:00 pm on August 27, 2019, decedent Richard Boyer was travelling westbound on I-80 in his 2007 Jeep Wrangler ("Jeep").  The visibility and road conditions were clear.

7.      At the same time, DFT employee Jean Wheelon ("Wheelon") was driving a tractor-trailer combination owned by DFT ("DFT Truck") traveling westbound on I-80.

8.      At approximately mile marker 5.5, there was a construction zone where the two westbound lanes of I-80 transitioned into a single lane of travel in the right lane.  As Mr. Boyer approached the upcoming construction, he safely completed his lawful pass of the DFT Truck and safely merged into the right lane in front of the DFT Truck.

9.      After merging, Boyer noticed there was traffic slowing to a stop a short distance ahead in the single lane of I-80.  Accordingly, Richard Boyer applied the brakes and began gradually slowing his Jeep.  Over the course of several seconds, Richard Boyer slowed his vehicle from 55 mph to 43 mph in the right late of I-80.

10.     Suddenly, and without warning, Wheelon inexplicably slammed into the rear of Boyer's Jeep with the DFT Truck.  The violent impact of the DFT Truck slamming into him caused the Jeep to immediately go out of control, spinning counterclockwise, and then slam into the concrete barrier where his speed went to 0 in an instant.

11.     Richard Boyer suffered extensive traumatic injuries, including a serious traumatic brain injury, as a result of the crash.  Boyer was transported to Uinta County Memorial Hospital where he was then taken by life-flight to University of Utah Hospital where he remained in critical condition. On March 13, 2020 he succumbed to his injuries and passed away.   Richard Boyer spent his last 199 days of life in a hospital bed, much of it in a coma, due to the acts of DFT's agent and employee Wheelon.

12.     Defendant DFT's driver Wheelon had a duty to drive the DFT Semi safely and in accordance with the existing traffic conditions in the area.

13.     Defendant DFT's driver Wheelon had a duty to maintain a proper lookout for other traffic and heed warnings of traffic conditions.

14.     Defendant DFT's driver Wheelon had a duty to keep proper control of the DFT Truck she was driving and not run into other traffic on I-80.

15.     Defendant DFT's driver breached these, and other, applicable duties.  As a direct and proximate result of Wheelon's breach of duties, Richard Boyer was killed.

## CLAIM FOR RELIEF – NEGLIGENCE

16.     Plaintiff incorporates the above allegations as if fully set forth herein.

17.     Defendant DFT's driver Wheelon was negligent and reckless in causing this crash and the death of Richard Boyer.  Wheelon's negligent and reckless acts include, but are not limited to:

    a.      Failing to keep a proper lookout;

    b.      Driving carelessly;

3

      c.      Driving too fast for existing traffic conditions;

      d.      Driving recklessly;

      e.      Failing to heed warnings;

      f.      Driving in a manner which was not reasonable under the circumstances; and

      g.      Violating traffic control laws and regulations.

18.     As a direct and proximate result of Wheelon's negligence and recklessness, Richard Boyer was killed.

19.     At all material times, Wheelon was an employee and agent of defendant DFT acting in the course and scope of her employment.

20.     Wheelon was driving a DFT truck and trailer for business purposes at the time of the crash.

21.     Defendant DFT is vicariously liable for the negligence and recklessness of its employee Wheelon, and is responsible for all injuries, damages and losses suffered by the Plaintiff as described herein.

## DAMAGES

22.     Plaintiff hereby incorporates by reference all statements and allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23.     As a direct and proximate result of the negligent acts and omissions of the Defendant and its employee and agent, Richard Boyer died an untimely and completely unnecessary death. Plaintiff is entitled to recover damages from Defendant, including without limitation the following:

      a.      Loss of care, consortium, support, companionship, and other wrongful death damages;

      b.      Funeral expenses incurred;

      c.      Medical expenses incurred directly related to Defendant's negligence;

      d.       Other general and special damages available under Wyoming law;

      e.       Any other damages available by law and/or equity.

WHEREFORE, Plaintiff prays that judgment be entered as follows:

      a.       That judgment be entered in favor of Plaintiff and against Defendant;

      b.       That Plaintiff be awarded all damages which are fair and just, in an amount supported by the evidence adduced a trial;

      c.       That Plaintiff be awarded his costs of suit incurred herein; and

      d.       That Plaintiff be awarded all other and further relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby requests a jury trial in this matter.

DATED this 19th day of February, 2021,

*/s/Rick L. Koehmstedt*
Rick L. Koehmstedt, Wyoming Bar # 6-3101
SCHWARTZ, BON, WALKER & STUDER, LLC
141 S. Center St., Suite 500
Casper, WY 82601
(307) 235-6681
(307) 234-5099 Fax
rick@schwartzbon.com

and

Charles L. Barnum, Wyoming Bar # 6-3094
CHARLES L. BARNUM, P.C.
409 Broadway, Ste. C
Rock Springs, WY 82901
(307) 382-7500
(307) 362-3309 Fax
charles@barnumlawoffice.com

Attorneys for Plaintiff